**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK BERNARD,**

           **Plaintiff,**

  **v.**                                            **1:03-CV-1196**
                                                    **(GLS/DRH)**

**DELAWARE AND HUDSON RAILWAY, CO.,**

           **Defendant/Third Party Plaintiff,**

  **v.**

**GEORGIA-PACIFIC, CO.,**

           **Third Party Defendant.**
_____

**APPEARANCES:**                            **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Davis, Martillotti Law Firm                    G. Sanders Davis, Esq.
Four Penn Center
Suite 620
1600 John F. Kennedy Boulevard
Philadelphia, PA 19103-2808

**FOR THE DEFENDANTS:**

Delaware & Hudson Railway Company      Scott A. Barbour, Esq.
McNamee, Lochner Firm
677 Broadway
Albany, New York  12207-2503

Georgia-Pacific Corporation                    Tracy M. Larocque, Esq.

Pennock, Breedlove Law Firm
1407 Route 9, Nine North, Bldg. 4
Clifton Park, New York 12065

Gary L. Sharpe
U.S. District Judge

## I.　　Introduction

Claiming that the Delaware and Hudson Railway ("D&H") failed to provide him with a reasonably safe workplace in violation of the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, Patrick Bernard sued D&H for injuries sustained while working on Georgia-Pacific ("GP") property. D&H filed a third-party complaint against GP seeking indemnification and contribution for Bernard's injuries.

After D&H and GP filed separate motions for summary judgment, the court held oral argument, reserved decision, and permitted the parties to supplement the record on two issues: 1) whether the claim in Bernard's complaint that D&H failed to provide him with a safe work place encompasses a claim that D&H failed to inspect the area where he was required to work; and/or 2) whether Bernard is seeking to constructively amend his complaint in contravention of prior discovery disclosures. Having reviewed the supplement papers, and for the reasons that follow,

the motions for summary judgment are denied.

### III.  **Facts**[1]

Bernard was employed by D&H as a conductor.  *Bernard Statement of Material Facts ¶1; Dkt. No. 21.*  As part of his job, Bernard had to traverse an area between the cars on a track and a plant building and visually inspect the platform area to be sure that GP employees had removed all ramps between the building and the freight car doors before his crew removed the freight cars.  *Bernard SMF ¶2; Dkt. No. 21.*  He had worked this particular assignment for approximately one and one-half years, five days per week. *Id. ¶1.*

On February 24, 2003, Bernard slipped and fell on ice he failed to see, and injured his shoulder.  *Compl. 8,11;Dkt. No. 1.*  He admitted that the icy conditions were not there on the Friday before his Monday accident. *D&H's SMF ¶ 8; Dkt. No. 18.*  His accident occurred on premises owned and operated by third-party defendant, GP.  *Georgia Pacific SMF ¶ 63;Dkt. No.16.*  An "agreement" between GP and D&H stated that GP would hold

---

[1] Bernard failed to provide a Local Rule 7.1 Statement of Material Facts that mirrors those filed by the defendants, and compounded his error by providing additional facts.  The defendants urge the court to deem all facts admitted and grant the motions, an invitation the court declines to accept.  Accordingly, to the extent this court can discern undisputed facts, it has done so.  At oral argument, Bernard's counsel was warned that the court will not tolerate his failure to abide by the Local Rules in the future.

3

D&H harmless for losses caused by its own negligence. *Id.* ¶ 64. Michael Krage, D&H's Road Manger, interviewed Bernard about four hours after the incident. *GP SMF ¶¶ 30,33; Dkt. No. 16.* Based on Bernard's description, Krage[2] went to the accident site[3] to look around. *Id.* ¶ *33*.

## Discussion

### A.  FELA Standard

Regarding Bernard's claims against D&H, FELA, 45 U.S.C. § 51 *et seq.,* furnishes the governing law. FELA is a broad remedial statute that must be construed liberally in order to effectuate its purposes. *Marchica v. Long Island R.R. Co.,* 31 F.3d 1197 (2d Cir.1994). Under FELA, a railroad engaged in interstate commerce is liable to "any person suffering injury while he is employed by [the railroad] ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of [the railroad]." 45 U.S.C. § 51.

The Second Circuit "construes the statute, in light of its broad remedial nature, as creating a relaxed standard for negligence as well as

---

[2] Krage described the site as follows: light coating of snow that was crusted over, and the exposed part of that asphalt walkway was iced over. *Bernard SMF ¶15; Dkt. No. 25.*

[3] This is disputed. GP claims that Krage's inspection was not the actual site where Bernard fell.

4

causation." *Williams v. Long Island R.R. Co.*, 196 F.3d 402, 406 (2d Cir. 1999). However,"FELA is not a strict liability statute, and the fact that an employee is injured is not proof of negligence." *Williams*, 196 F.3d at 406. "FELA does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur." *Capriotti v. Consolidated Rail Corp.*, 878 F. Supp. 429, 431 (N.D.N.Y. 1995) (Scullin D.J.). Accordingly, "the traditional common law negligence elements of duty, breach, causation and damages are still applicable." *Capriotti*, 878 F. Supp. at 431.

The Act requires an employer "to provide its employees with a reasonably safe place to work and this includes the duty to maintain and inspect work areas." *Sinclair v. Long Island R.R.,* 985 F.2d 74, 76 (2d Cir.1993) (citations omitted). The scope of this ongoing duty is clear: "[a]n employer breaches its duty to provide a safe workplace when it knows or should know of a potential hazard in the workplace, yet fails to exercise reasonable care to inform and protect its employees." *Gallose v. Long Island R.R.,* 878 F.2d 80, 84-85 (2d Cir.1989) (citations omitted). "Whether the railroad used reasonable care in furnishing its employees a

safe place to work is normally a question for the jury." *Sinclair*, 985 F.2d at 77.

The Supreme Court has noted that "reasonable foreseeability of harm is an essential ingredient of [FELA] negligence." *Gallick v. Baltimore and Ohio R.R. Co.*, 372 U.S. 108, 117 (1963). The reasonable foreseeability element in FELA actions "requires proof of actual or constructive notice to the employer of the defective condition that caused the injury." *Sinclair,* 985 F.2d at 77. However, whether an employer had notice typically presents a question of fact. See *Paul v. Genesee & Wyoming Industries, Inc.*, 93 F. Supp. 2d 310, 318 (W.D.N.Y. 2000). And, "as with all factual issues under the FELA, the right of the jury to pass on this issue must be liberally construed." *Gallose*, 878 F.2d at 85.

In addition,"[t]he Second Circuit has placed a particularly heavy burden on parties seeking summary judgment on FELA claims." *Wahlstrom v. Metro-North Commuter R. R. Co.,* 89 F. Supp. 2d 506, 514 (S.D.N.Y. 2000). Thus, "[u]nder the FELA, 'the case must not be dismissed at the summary judgment phase unless there is absolutely no reasonable basis for a jury to find for the plaintiff.' " *Gadsden v. Port Authority Trans-Hudson Corp.,* 140 F.3d 207, 209 (2d Cir.1998) (quoting

6

*Syverson v. Consolidated Rail Corp.,* 19 F.3d 824, 828 (2d Cir.1994)).

Here, D&H concedes that FELA obligates an employer to provide employees a safe place to work, and the work place may extend beyond its premises to property which third parties have a primary obligation to maintain. *See Kooker v. Pittsburg & Lake Erie RR Co.*, 258 F. 2d 876, 878 (6th Cir. 1958). However, it argues that there is no evidence demonstrating that it contributed or caused the accident. It maintains that Bernard has failed to allege any specific negligent act or omission on its part. Prior to the incident, D&H was not aware that an icy spot had formed. Thus, D&H contends that Bernard's accident was not reasonably foreseeable. In addition, it argues that Bernard cannot now, for the first time, claim that D&H failed to inspect the area. Furthermore, regardless of the duty to inspect, it maintains that it had no notice that a dangerous condition existed.

Therefore, D&H argues that because Bernard's complaint failed to allege a "duty to inspect", he is attempting to improperly amend the complaint. The argument is without merit. According to the Second Circuit, the duty to provide a safe place to work includes the duty to inspect. Moreover, both theories require notice. Here, a question remains

7

whether the railroad knew that its employees had to walk in the area where Bernard fell. Bernard insists that both D&H and GP knew that his job required him to do so. He cites the affidavit of Michael Duquette, a fellow D&H worker, which stated that Ferman Donah,[4] a supervisor for GP, on at least one occasion, saw him walking between the building and the railcars during his inspections. *Duquette Aff. ¶ 9;Dkt. No. 21.* Duquette further states that on every occasion that he worked that job, he walked between the building and the track following the same path used by Bernard when he was injured. *Bernard SMF ¶ 4;Duquette Aff. ¶ 4;Dkt 21 #3.* Thus, Bernard maintains that an injury was reasonably foreseeable and D&H is liable.

Based on this record, the court cannot grant summary judgment because issues of fact remain. Specifically, whether D&H and GP had actual or constructive notice must be determined by a jury. Accordingly, Bernard's duty to inspect theory is not a constructive amendment of his complaint, and D&H's motion for summary judgment is denied.

**B.    Common Law Negligence**

---

[4] Donah disputes this by affidavit. He stated that he was unaware that D&H employees used this area. *Donah Aff.¶ 6;Dkt. No.16 #2*.

8

GP contends that they were not negligent as a matter of law. The court notes that New York law governs D&H's complaint against GP. In a New York slip-and-fall case involving snow and ice, a property owner or possessor is not liable unless he or she created the condition, or had actual or constructive notice of its existence. *Simmons v Metropolitan Life Ins. Co.,* 615 N.Y.S. 2d 395, 396 (1st Dep't) *affirmed* 84 N.Y.2d 972 (1994). Furthermore, "constructive notice requires a showing that the condition was visible, apparent, and existed for a sufficient period of time prior to the accident to permit defendant to discover it and take corrective action." *Robinson v. Albany Housing Authority*, 754 N.Y.S. 2d 450, 452 (3rd Dep't 2003).

Here, GP argues that it did not know that D&H employees used the area between the building and the tracks where Bernard fell. The issue of whether GP had notice that D&H employees walked in that area is hotly contested. As mentioned, Duquette,[5] Bernard's co-worker, claims that Dohan knew that D&H workers used this area. However, Dohan claims that he was unaware that they used this area. D&H asserts that the accident site was within feet of where D&H employees worked and it was

---

[5]Bernard had not previously disclosed this witness to the defendants.

9

foreseeable that there would be activity in the area between the building and the tracks.[6]  D&H insists that issues of fact remain such that summary judgment should be denied.

Again, based on this record, the court is unable to resolve whether GP had actual or constructive notice that employees walked in the area where Bernard fell.  Accordingly, GP's motion for summary judgment is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Georgia Pacific's motion for summary judgment is DENIED; and it further

**ORDERED** that D&H's motion for summary judgment is DENIED; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

---

[6] There appears to be a dispute about how much clearance there was between the building and the railroad.  The range is anywhere from 30 inches to 5 feet.

**IT IS SO ORDERED.**

Dated:   November 17, 2005
        Albany, New York

*Gary L. Sharpe*
U.S. District Judge